**CITY BOND & FINANCE CO., Limited, v. WELCH, Collector of Internal Revenue.**

No. 4704–J.

District Court, S. D. California, Central Division.

July 31, 1934.

Ivan G. McDaniel, of Los Angeles, Cal., for plaintiff.

Peirson M. Hall, U. S. Atty., Ignatius F. Parker and Alva C. Baird, Asst. U. S. Attys., and Eugene Harpole, Sp. Atty., Bureau of Internal Revenue, all of Los Angeles, Cal., for defendant.

JAMES, District Judge.

Plaintiff paid a federal stamp tax, collected on account of a series of certificates issued by it in its business of buying and selling commercial securities. While in effect the transactions may have been substantially that of the purchase of securities on a margin, the plaintiff chose to frame its contracts differently. The purchaser signed a written order for the purchase of securities on installment payments, agreeing to pay the stated purchase price with interest at the rate of 7 per cent. per annum, with the right to make full payment at any time; he agreed to pay a fee to the plaintiff called "investment counsel fee," and the plaintiff had the right in the event of default in payment of any installment to terminate the contract, close out the stocks, and account to the purchaser for any net remaining after deducting charges. However, plaintiff, as evidence of the interest

acquired by the purchaser, issued an elaborate certificate, formed and printed in the manner usual with stock certificates and bonds. On the face of this certificate the transaction was denominated "Investment Savings Plan." It set forth that the City Bond & Finance Company had agreed to "sell and deliver" named securities at the stated price per share, set forth amount paid and installments to be paid. These certificates were apparently negotiable. They were issued in large numbers.

Plaintiff contends that the certificates did not require stamps as they were not certificates of corporate stock nor certificates of indebtedness, as described in the Revenue Act of 1926 (section 800 [26 USCA § 901 and note]).

I will not review the authorities but state my conclusions. It has been held that acts of the kind here concerned are to be given broad application. There are decisions holding uniformly that the document will be taken at its face, and that no close scrutiny will be made of the purpose which has prompted its use. Certificates of participating interests in securities held by a corporation have been held to be within the provisions of the act. To my mind the certificates issued by plaintiff may be termed certificates of indebtedness or certificates of interest in certain securities of plaintiff corporation. In either case I am of the view that they in form were such as to require stamps.

So holding, it follows that the plaintiff is not entitled to have the money paid refunded.

Findings and judgment will be in favor of the defendant.